**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

| | |
|---|---|
| In re:<br><br>THUNDER ROAD REALTY LLC,<br>     Debtor | Chapter 11<br>Case No. 24-12481-JEB |
| THUNDER ROAD REALTY LLC,<br>     Plaintiff<br><br>v.<br><br>GRA REAL ESTATE HOLDINGS, LLC,<br>and BRIAN ANDERSON<br>     Defendants | Adversary No.  25-01001 |

**DEBTOR'S OPPOSITION TO MOTION FOR ORDER DIMISSING CASE**
**FILED BY GRA REAL ESTATE HOLDINGS, LLC**

NOW comes the Debtor, Thunder Real Realty, LLC ("TRR"), by counsel and states to this Honorable Court its opposition to the motion by GRA Real Estate Holdings, LLC ("GRA) for an order dismissing the Debtor's Chapter 11 case.

TRR, Debtor, responds to the factual allegations on a paragraph by paragraph basis as follows:

   1.   Admitted.

   2.   Admitted.

   3.   Admitted.

   4.   Admitted.

   5.   The Debtor admits that Pentucket Bank transferred the note and the mortgage to GRA. The Debtor is without knowledge to admit or deny the remaining allegations of paragraph 5.

-1-

6. Admitted.

7. Admitted that the creditor GRA commenced the process of foreclosure upon the Debtor's property. The Debtor is without knowledge to admit or deny the remaining allegations of paragraph 7.

8. The Debtor admits that the movant conducted a foreclosure sale on November 14, 2024. The Debtor is without knowledge to admit or deny the remaining allegations of paragraph 8.

9. Admitted.

10. Admitted.

11. Admitted.

12. Admitted.

13. Admitted.

14. Admitted.

15. Admitted.

16. The Debtor does not have a transcript of the Section 341 Meeting of Creditors but admits that the Debtor's management appeared and answered questions. Responses herein are to the best of recollection of what took place as alleged:

    a. Admitted.

    b. The Debtor has no recollection of what was represented concerning this matter.

    c. Admitted.

    d. Denied.

    e. Admitted.

    f. Admitted only that rental income had commenced shortly after the

        bankruptcy filing, and that previously the only tenant at the Debtor's property was Sam's Transportation, Inc.

    g.    Admitted.

    h.    The Debtor has no recollection of what was represented concerning this matter.

17.    The allegations of paragraph 18 do not require a response from the Debtor.

18.    The allegations of paragraph 19 do not require a response from the Debtor.

19.    The allegations of paragraph 20 do not require a response from the Debtor.

<u>Discussion</u>

The debtor has brought this avoidance action pursuant to the provisions of section 544 of the Bankruptcy Code. The requirements of that section are clear. The question presented by the defendant in this case is whether or not the court will read into the provisions of Section 544 language that does not exist.

The statute provides, in relevant part:

(a)    The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—

            \*
            \*
            \*

(3)    a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

The defendant would have this court require a "benefit to the estate" as a prerequisite to any recovery by the Debtor. This is a position not uniformly accepted, and which is explained in the decision cited by GRA. Also, as explained in the decision cited,

is the contrary view:

> Specifically, the court finds that the inquiries relevant to a fraudulent transfer action under section 548(a)(1) (i.e., whether a particular obligation incurred by the debtor is subject to avoidance) are materially different than the inquiries related to recovery under section 550(a) (i.e. whether the recovery of specific fraudulently transferred property will result in a benefit to the bankruptcy estate). A number of federal courts that have addressed the specific issue of whether avoidance of a transfer/obligation (as transfer/obligation) requires a showing opposed to affirmative recovery on a that avoidance must demonstrably benefit the estate have found that it does not.

*In re Texas Rangers Baseball Partners*, 498 B.R. 679, 708 (Bkrtcy. N.D. Tex. 2013)

Also as demonstrated in another case, cited in the *Texas Rangers* decision:

> [T]the Bank contends that, like property recovery, transfer avoidance could be limited to the extent necessary to benefit the creditors and pay the administrative expenses of the estate. We do not accept this assertion. In the absence of equivalent language in §544, the presence of the phrase 'for the benefit of the estate' in §550 merely highlights the fact that Congress knew how to include such a limitation when it wanted to.

*In re Coleman*, 426 F.3d 719, 725 (4th Cir. 2005)

What is omitted from the decisions cited, and omitted from the assertions of the defendant, is the fact that the recovery sought in this case is uniquely situated. But for the avoidance powers of the bankruptcy code and the ability to take advantage of those powers, the Debtor's interest in the real estate is gone forever. The Debtor in this case seeks a recovery from a foreclosure that is not possible by resorting to action in state court. The relief sought for the avoidance of the creditor's actions can be accomplished in this court only.

Conclusion

      Based upon the foregoing, the Debtor requests that this court deny the defendant's motion to dismiss.

                                                Respectfully submitted,

                                                Thunder Road Realty LLC
                                                By its attorney,

Dated: February 10, 2025               /s/ Michael B. Feinman
                                                Michael B. Feinman
                                                BBO#545935
                                                Feinman Law Offices
                                                23 Main Street
                                                Andover, MA  01810
                                                Tel:  978-475-0080
                                                Fax: 978-475-0852
                                                Email:mbf@feinmanlaw.com

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

| | |
|---|---|
| In re:<br><br>THUNDER ROAD REALTY LLC,<br>   Debtor | Chapter 11<br>Case No. 24-12481-JEB |
| THUNDER ROAD REALTY LLC,<br>   Plaintiff<br><br>v.<br><br>GRA REAL ESTATE HOLDINGS, LLC,<br>and BRIAN ANDERSON<br>   Defendants | Adversary No.  25-01001 |

**CERTIFICATE OF SERVICE**

    I, Michael B. Feinman, hereby certify that I have on this day served the foregoing pleading, by mailing a true and accurate copy of each, if not shown as being served electronically, via first class mail and postage prepaid, to the following parties in interest:

Richard N. Gottlieb, Esq.
Ten Tremont Street
Suite 11, 3rd Floor
Boston, MA 02108
Email: mglaw@verizon.net

Brian Anderson
130 Crescent Avenue
Chelsea, MA 02150

Dated:  February 10, 2025          /s/ Michael B. Feinman
                                                        Michael B. Feinman